| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | § CASE NO. 1:16-CR-29 (11) |
| | § |
| HEATHER NICHOLE LUGO | § |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Heather Nichole Lugo's ("Lugo") *pro se* Motion for Early Termination of Supervised Release (#526), wherein Lugo seeks early termination of her four-year term of supervised release. Lugo's United States Probation and Pretrial Services ("Probation") Officer in the Eastern District of Texas prepared a report and recommends that the court deny the motion, allowing Lugo to continue her term of supervised release as ordered. The Government is also opposed to Lugo's request for early termination. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Lugo's motion should be DENIED.

I.  Background

On June 2, 2016, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a three-count Superseding Indictment against Lugo and ten co-defendants, charging her in Count Two with Conspiracy to Distribute, Manufacture, and Possess with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846, and in Count Three with Conspiracy to Knowingly Possess Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(o). On October 11, 2016, pursuant to a non-binding plea agreement, Lugo pleaded guilty to Count Two of the Superseding Indictment. On February 28, 2018, the court sentenced Lugo to a term of 70 months' imprisonment, followed by a four-year term of

supervised release. Lugo began her term of supervised release in the Eastern District of Texas on November 25, 2022, which is projected to expire on November 24, 2026.

In her motion, Lugo, age 36, asks the court to terminate her supervision at this time, having served over half of her four-year term of supervised release. She asserts that she has complied with all the requirements and conditions of supervision set by the court. Lugo claims that since her release, she has maintained employment, regained custody of her children,[1] and has passed all of her drug tests. She further adds that she avoids contact with her co-defendants and anyone with a criminal background. She contends that she is fully capable of managing her life responsibly.

II. Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[2] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978

---

[1] According to her Presentence Investigation Report ("PSR"), Lugo has seven children from five different relationships.

[2] These factors include: the nature and circumstances of the offense and the defendant's history and characteristics; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; and the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). In fact, in *United States v. Bowe*, the United States Court of Appeals for the Fourth Circuit stated that "Congress has manifested an intent to require full service of supervised release for rehabilitative purposes." 309 F.3d 234, 240 (4th Cir. 2002) (citing *Johnson*, 529 U.S. at 53).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)"); *United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts

have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (citing 18 U.S.C § 3583(e)(1)) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2

(S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D. N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89); *United States v. Baptiste*, No. 98-207, 2025 WL 871520, at *1 (E.D. La. Mar. 20, 2025) (noting that early termination is generally warranted "only in cases where the defendant shows changed

circumstances, such as exceptionally good behavior" (quoting *United States v. Jones,* No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013))).

According to Lugo's PSR, prepared on February 23, 2018, Lugo's offense of conviction entails her participation in a conspiracy to possess with intent to distribute 28 grams or more of cocaine base. In 2014, law enforcement authorities commenced an investigation after they became aware of individuals selling narcotics in Beaumont, Texas. The investigation centered on two residences, one on Long Street and the other on Center Street. As part of the investigation, the authorities detained several individuals who were leaving one of the locations of interest. The detained individuals were found to be in possession of cocaine base. Law enforcement then used the information it gathered from the detention, as well as several controlled purchases, to obtain search warrants for both addresses. During the search of the Long Street residence, authorities recovered ten firearms and 42 grams of cocaine base.

Further investigation resulted in law enforcement's executing a search warrant at Lugo's personal residence, where officers recovered 5.4 grams of cocaine base, two handguns, 15 hydrocodone pills, and a small amount of marijuana. Additionally, on December 22, 2015, video surveillance targeting the Center Street residence captured Co-defendants Patrick Wayne Citizen, Jr., Trevor Trevalle Green ("Green"), and others conducting illegal narcotic transactions. Lugo admitted to investigators that she assisted Green in distributing cocaine base from both the Long Street and Center Street locations. Lugo also observed Green cooking cocaine base and breaking it into "cookies." Lugo indicated she knew the amount of cocaine base involved in the conspiracy was at least 28 grams. Lugo faced, and was ultimately convicted of, parallel state charges in the 163rd District Court of Orange County, Texas. Lugo also has a history of substance abuse,

including Norcos (acetaminophen and hydrocodone) and methamphetamine use. Most significantly, Lugo absconded while on pretrial release. As Probation observed, "[Lugo] had considerable difficulty during pretrial supervision." She tested positive for methamphetamine during an office visit on September 7, 2016. A federal warrant for her arrest was issued on December 15, 2016, when she was also serving a state probation which was later revoked, after she failed to appear for an administrative hearing scheduled for December 14, 2016, and displayed additional noncompliant behavior. Lugo was not located until approximately one year later, when, on December 1, 2017, the Orange County Sheriff's Office finally took her into custody.

Here, Lugo identifies no new or exceptional circumstances or needs that would merit early release from supervision. She fails to explain how the conditions of her supervised release limit her employment opportunities, interfere with her family responsibilities, or otherwise impact her daily life in a significant manner. Lugo does not clarify how being on supervised release keeps her from furthering her career, achieving additional goals, assisting her family, or engaging in sports, religious, or volunteer activities. According to Probation, Lugo is currently being supervised as a low risk release, which entails only minimal reporting requirements. She continues on state parole which is due to expire in late 2025. Under the circumstances, the court finds that the current conditions of Lugo's supervised release are not onerous and remain appropriate.

Probation's report confirms that Lugo has maintained compliance with her conditions of supervised release. Probation further notes that Lugo has passed all of her drug tests and successfully completed substance abuse treatment at Texas Counseling and Rehabilitation Services. Nevertheless, Probation recommends that her supervised release continue. In view of her history

7

of noncompliance and her prior drug use, the court concurs with Probation's assessment of the situation and finds that early termination of Lugo's four-year term of supervised release would not be in the interest of justice.

At this time, Lugo has served about two years of her four-year term of supervised release. While Lugo's achievements to date should be commended, continuing her on supervision will provide her the best opportunity for a successful reentry in view of her prior involvement in crimes involving drug distribution, as well as her history of substance abuse. Requiring Lugo to complete her entire four-year term of supervised release safeguards against the reoccurrence of criminal activity and drug use, while imposing only a limited burden on Lugo. Generally, early termination of supervised release is not granted unless there are significant medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. Lugo does not identify any such circumstances in her motion and is instead seeking early termination of her supervision simply for complying with the conditions imposed by the court. Thus, although Lugo appears to be on the right path, the court believes that completion of her full term of supervised release appropriately reflects the seriousness of her offense, deters future criminal conduct, and provides needed structure for her continued rehabilitation. *See United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *4 (S.D. Miss. May 31, 2022).

III.   Conclusion

In accordance with the foregoing, Lugo's *pro se* Motion for Early Termination of Supervised Release (#526) is DENIED.

SIGNED at Beaumont, Texas, this 17th day of July, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE